# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES S. CHAMBERS )<br>5434 County Highway 181E )<br>Westville FL 32464 )<br> )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>HON. MARK T. ESPER, in his official )<br>capacity as Secretary of the Army and )<br>DEPARTMENT OF THE ARMY )<br> )<br>    Defendants ) | Civil Action No. _____ |

## COMPLAINT IN CIVIL ACTION

### I – Introduction, Jurisdiction and Venue

1. This action seeks judicial review of a decision of the Department of the Army, and its Board of Correction for Military Records ("ABCMR"), refusing to recharacterize Plaintiff's honorable discharge from the Army as being based upon a medical disability. Plaintiff seeks judicial review of the refusal under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*. Alternatively, Plaintiff seeks to compel Defendants to comply with the terms of the parties Joint Stipulation of Settlement and Dismissal executed in Civil Action No.

1:15-cv-02270 RJL which required the Army BCMR to make a "substantive decision" on whether Plaintiff qualified for military disability retirement status.

2. Plaintiff is James S. Chambers, a veteran of the United States Army.

3. Defendants are the Hon. Mark T. Esper, in his official capacity as Secretary of the Army and the United States Department of the Army.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1346, and 1361.

5. Plaintiff has exhausted his administrative remedies and the decision of Defendants is final.

## II – Factual Background

6. Plaintiff entered upon service in the United States Army on July 26, 1967. He received an honorable discharge with the rank of Sergeant on July 17, 1970. He served in combat in Vietnam and was determined by the Department of Veterans Affairs to suffer from post-traumatic stress disorder ("PTSD") as a result of his combat experiences.

7. Plaintiff applied for relief from the ABCMR in 1999 seeking to have

his Army discharge reopened to determine he if was entitled to a military disability retirement based upon PTSD.

8. The ABCMR denied relief in 2000 and that denial was affirmed on judicial review by the Court of Federal Claims and the United States Court of Appeals for the Federal Circuit. See, *Chambers v. United States*, 417 F.3d 1218 (Fed. Cir. 2005).

9. Thereafter, Plaintiff sought to reopen his ABCMR matter based upon new and material evidence. However, the ABCMR refused to do so because Plaintiff's request was submitted more than one year after the ABCMR's decision.

10. Plaintiff sought judicial review of the refusal of the ABCMR to reopen his case in this Honorable Court at Civil Action No. 1:15-cv-02270 RJL

11. The parties then entered into a Joint Stipulation of Settlement and Dismissal which provided in relevant part that:

> In return for Plaintiff's dismissal with prejudice of all claims that were the subject of its claim, Defendant agrees that the Army Board for Correction of Military Records ("ABCMR") will reconsider Plaintiff's request for disability retirement due to Post-Traumatic Stress Disorder….
>
> The ABCMR agrees to receive, review, and reach a substantive decision on Plaintiff's requested reconsideration. Specifically,

      the ABCMR will address, at a minimum, the following two issues:

      a. whether Plaintiffs request for a medical discharge qualifies him as one of the persons eligible for reconsideration of prior ABCMR decisions pursuant to the 2014 Secretary of Defense Memorandum relating to discharge upgrades, as supplemented by the February 24, 2016 memorandum of the Principle Undersecretary of Defense; and

      b. independent of the ABCMR decision regarding sub-issue (a), make a decision on the merits of Plaintiffs motion to reconsider the ABCMR's 2000 decision following consideration of all the documentation submitted by Plaintiff with his reconsideration request.

See Exhibit A (Joint Stipulation)

12. On October 16, 2018, the ABCMR issued a decision referring Chambers' case to the Surgeon General of the Army for a determination from the review of his service medical records whether Chambers should have been reviewed by the Physical Disability Evaluation System (PDES). See Exhibit B (ABCMR Decision)

13. On November 30, 2016, an Army doctor wrote a memorandum addressed to the ABCMR opining that Plaintiff would not have qualified for a disability discharge at time of separation. See Exhibit C (Memorandum).

14. Thereafter ABCMR took no action to allow Plaintiff to rebut the

Army doctor's opinion or render a final substantive decision on the merits of Plaintiff's claim as required by the parties' joint stipulation for settlement and dismissal. Instead, the Army has taken the position that it has rendered a final decision on Plaintiff's claim. See <u>Exhibit D</u> (Letter).

### III – Cause of Action
### A- Count I – Judicial Review

15. Under the APA, a decision of the ABCMR is subject to reversal if, among other things, the agency considered factors it should not have considered, failed to consider factors it should have considered, or did not observe procedures required by law. See 5 U.S.C. § 706.

16. The Army doctor's advisory opinion adopted by the Army as its final decision considered factors that should not have considered and failed to consider factors that should have been considered. Specifically:

   **a.** The Army doctor did not discuss or consider the Army retention standard regulations, or which version of the regulations he applied. Whether a soldier qualifies for disability retirement is determined based upon whether he or she is "unfit," under the

  retention standards, and the Army doctor could not make a reasoned determination as to whether or not Plaintiff was unfit without referring to the applicable retention standards. The doctor would also need to state whether he was applying current retention standards, or those in effect back in 1970, and explain why those standards were selected.

**b.** The Army doctor refused to consider post-service medical documentation relevant to the symptoms Plaintiff evidenced at time of his discharge. Instead, he improperly limited himself to records that were made "prior to, and up to the time of discharge… despite knowing what we do now." The doctor ignored the statement from Plaintiff's mother that said that upon return from Vietnam the Plaintiff suffered symptoms including being distant, confused, argumentative, jumpy, and resistant to authority, and the doctor did not consider whether these symptoms likely existed at the time of discharge or whether they would have likely impaired Plaintiff's military performance.

    **c.**    The Army doctor gave controlling weight to the fact that Plaintiff was performing his duties in Vietnam without considering whether Plaintiff's psychiatric symptoms put him or others in danger or likely interfered with his effective military performance of those duties.

17. Defendant's decision is also not in accordance with procedures required by law in that the Army doctor did not have delegated authority to render a final decision for the Army in this matter. Said authority is vested in the ABCMR, which was required by both law and the parties' stipulation to make the decision on Plaintiff's claim, and to afford Plaintiff an opportunity to rebut the Army doctor's opinion prior to making that final decision.

### B – Count II - Enforcement of Prior Stipulation

18. Defendants were required by the parties' joint stipulation of settlement and dismissal to have the ABCMR make substantive decisions on Plaintiff's claims and they did not do so. Instead, in violation of the stipulation, Defendants allowed an Army doctor's advisory opinion to constitute the final decision in this matter.

WHEREFORE, Plaintiff prays that:

1. This Honorable Court reverse the decision of Defendants on the merits as arbitrary, capricious, not in accordance with law, and in violation of the parties' Joint Stipulation of Settlement and Dismissal, and remand this matter to the ABCMR with instructions to comply with the parties' stipulation;

2. Award Plaintiff his costs and attorney's fees.

DATED: January 21, 2018

/s/ Jason W.Manne
Adjunct Professor of Law
Pitt Law Veterans Practicum
3900 Forbes Avenue
Pittsburgh, PA 15260
TEL:   412 648-1285
FAX:   412 648-1947
Email: jwm78@pitt.edu
DC Bar No. 1018840

Thomas J. Reed
Widener University
Delaware Law School
Veterans Law Clinic
4601 Concord Pike
Wilmington, DE 19803
TEL: 302- 477-2070
FAX: 302-477-2227
E-mail: tjreed@widener.edu